### LEWIS J. FRIGERIO *v.* MRS. JULIA D. STILLMAN.

Agreements will be construed by the acts of the parties making them.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Alfred Philips* for plaintiff. *Field & Shackleford* for defendant and appellant.

LABAUVE, J. The plaintiff states in substance that, on the 1st June, 1857, he leased to the defendant a certain brick house, 110, 154, on Canal street, for the term of three years, commencing on the 1st November, 1857, for the yearly rent of $2,000. payable monthly. That, being desirous to take possession of the premises on the 31st October, 1860, he had given notice to said defendant to remove from the same, and that, notwithstanding said notice and the lease being expired, she persisted in her occupancy. He prays for the possession of the house, etc.

The defendant admits the lease as stated in the petition, but she avers that, on the 1st of August, 1860, or thereabouts, she entered into a verbal contract of lease with petitioner, by which she was to retain the premises for the space of three years, commencing on the 1st November, 1860, and ending 31st October, 1863, on the same terms and conditions of her previous lease, with the exception that she was to pay $3,000 for the first year; $3,750 for the second year, and $4,000 for the third year. That, after the said verbal contract, she made valuable improvements on the premises, by and with the consent of plaintiff. She prays to be dismissed, with costs, etc.

Plaintiff proved the lease and notice, as alleged by him in his petition.

On the part of defendant, Eliza Stillman, sister of defendant, and Mary Farrell, an employee, testified that, on or about the 1st August, 1860, the parties to this suit entered into a new contract of lease of the

FRIGERIO
v.
STILLMAN.

premises, for three years, commencing on the 1st November, 1860, $3,000 for the first year, $3,750 for the second year and $4,000 for the third year; the defendant was to furnish her notes as before; the lease was to continue as before for three years upon the same terms and conditions, with the exception that the rent was to be raised. The plaintiff went before P. Lacoste, notary, to get him to draw the act of lease to Mrs. Stillman for three years, at the rate of $3,500 for the first year, $3,750 for the second year and $4,000 for the third year, but as it was an average of $3,750 per year, to draw the act at the rate of $3,750 per year. The notary asked plaintiff if Mrs. Stillman had agreed to that; he said no; then the notary said he would not draw the act before he had seen her. After that, both plaintiff and defendant came to the notary's office. The notary asked her if she wanted to pass the lease on the last mentioned conditions; she said no; she would not pass it in that way, but would on the conditions first mentioned. Then the plaintiff said he would pass no lease at all, except a lease for one year, at the rate of $3,500 a year. Mrs. Stillman consented to that. The lease was then drawn up for one year at the rate of $3,500, she then refused to sign it, because the fixtures, such as shades, counters, etc., were comprised in the same lease, and that all the fixtures in the store belonged to her. Lacoste, the notary, says that the defendant never made any objection to the addition of $500 to the $3,000 for the first term. Two other witnesses, T. E. Camers and T. Abrahamson, had interview with plaintiff and defendant, while the passing of the act of lease was in negotiation before the notary, and they say that the defendant did not, during the whole time, raise any objection to the $500 being added to the $3,000. It must look improbable that, if the price for the first year was $3,000 instead of being for $3,500, she would not have made that objection, while she was raising objections to other small matters. The defendant pretended that she had a lease under the same conditions as before, except that the price was higher. It is in evidence, by the act of the lease entered into before, that the defendant executed her monthly notes to her own order and endorsed by herself for the whole time of the lease, and there is nothing in the record showing an attempt to execute her part of the alleged contract by offering her notes as before. Upon the whole, we are satisfied that the judgment appealed from is correct.

It is therefore adjudged and decreed that the judgment of the District Court be affirmed, with costs.

HOWELL, J., the Judge who tried the case below, did not participate in this decision.